

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6695 | **DATE** | 7/8/2011 |
| **CASE TITLE** | Coward vs. Zurich American Insurance Company | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss [15] is denied as moot. The case is dismissed without prejudice for lack of standing.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the court is Defendant Zurich American Life Insurance Company's ("Zurich") motion to dismiss for failure to state a claim. For the following reasons, the motion is denied as moot and the case is dismissed without prejudice for want of standing.

The only claim Plaintiff David Coward's ("Coward") complaint asserts is a breach of contract that turns on an alleged violation of federal tax law by Zurich, his former employer. Coward asserts subject matter jurisdiction on the bases of both diversity and the presence of a federal question. Zurich moves to dismiss under Rule 12(b)(6).

However, there is a threshold issue of Article III standing. "Because standing is an essential and unchanging part of the case-or-controversy requirement of Article III, . . . [a court] must consider this jurisdictional issue even though the parties have not raised it." Shirmer v. Nagode, 621 F.3d 581, 584 (7th Cir. 2010). To have standing, a plaintiff must show (1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent, as opposed to conjectural or hypothetical; (2) a causal connection between the injury and the challenged action; and (3) a likelihood that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992); Sierra Club v. Franklin Cnty. Power of Ill., LLC, 546 F.3d 918, 925 (7th Cir. 2008); see also Pollack v. U.S. Dept. of Justice, 577 F.3d 736, 739 (7th Cir. 2009) ("traceable" rather than causal connection); Am. Bottom Conservancy v. U.S. Army Corps of Eng'rs, No. 10-3488, 2011 WL 2314757, at *3 (7th Cir. June 14, 2011) (requiring that "the relief [a plaintiff] seeks will if granted avert or mitigate or compensate him for an injury—though not necessarily a great injury—caused or likely to be caused by the defendant" (citing Lujan, 504 U.S. 555)).

Coward alleges that, for the eight years he was a Zurich employee, Zurich failed to withhold and pay the Federal Insurance Contributions Act (FICA) tax on his behalf, a violation of federal law. 26 U.S.C. § 3102(a) ("The tax . . . shall be collected by the employer of the taxpayer, by deducting the amount of the tax from the wages as and when paid."). Coward alleges Zurich's failure to pay his FICA taxes caused Coward to lose out on Social Security and Medicare benefits. Coward is "seeking an award of damages equivalent to

the retirement benefits and Medicare benefits Plaintiff would have received but for Zurich's failure to properly deduct and withhold Coward's share of FICA taxes from his wages, thereby rendering him ineligible for Social Security Benefits and Medicare." Compl. 2.

The problem with Coward's allegations is that payment of income, not payment of FICA taxes, triggers entitlement to the benefits Coward claims he has been denied. Calderon v. Witvoet, 999 F.2d 1101, 1105-06 (7th Cir. 1993); Oplchenski v. Parfums Givenchy, Inc., No. 05 C 6105, 2007 WL 495289, at *4 (N.D. Ill. Feb. 12, 2007); Gifford v. Meda, No. 09-cv-13486, 2010 WL 1875096, at *11-12 (E.D. Mich. May 10, 2010). Under the Social Security statute, entitlement depends on "the total of the wages paid . . . to an individual in a calendar year." 42 U.S.C. § 413(a)(2)(A)(ii).

The Seventh Circuit in Calderon squarely addressed FICA standing. The plaintiffs in Calderon were former employees alleging the employer failed to pay their FICA taxes. 999 F.2d at 1105-06. The Seventh Circuit found that the plaintiffs lacked standing to compel the employer to pay their FICA taxes because "[b]enefits do not . . . depend on whether the employer actually paid the taxes." Id. at 1106. Plaintiffs could, however, enforce FICA's reporting requirement because it is the reporting of income that triggers benefits, and losing benefits is an injury under Lujan. Id. Whether the employer in Calderon made FICA payments on the plaintiffs' behalf had no bearing on the plaintiffs' entitlement to benefits. Id. "[T]he plaintiff's real interest lies in ensuring that the [employer] make the proper reports of their income." Id.

Coward never alleges Zurich failed to report his income. He only accuses Zurich of failing to withhold and pay his FICA taxes. These allegations fail Lujan's first two prongs. First, Zurich's nonpayment of taxes is not an injury in fact to Coward; any injury would be to the U.S. Treasury. Second, there is no causal connection; Zurich's failure to pay taxes, the challenged action, has no bearing on Coward's lost entitlement to benefits, the alleged injury. All three prongs are required for Article III standing. Absent injury and traceability, Coward lacks standing. Lujan, 504 U.S. at 560–61. The court need not reach the redressability prong.

The parties briefed the issues of whether FICA creates a private right of action and whether FICA's provisions are implied terms of an employment contract. Because Coward lacks standing, the court does not reach these issues. See Am. Bottom Conservancy, 2011 WL 2314757, at *3 (absent standing a court lacks jurisdiction). The case is dismissed without prejudice, see id., and Zurich's motion is denied as moot.

IT IS SO ORDERED.

2011 JUL -8 PM 4:48
U.S. DISTRICT COURT